## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PITT COUNTY MEMORIAL HOSPITAL, INCORPORATED,<br><br>Plaintiff,<br><br>vs.<br><br>SHERIF ANTOUN PHILIPS, M.D.,<br>Defendant. | Superior Court Case No. <u>CV0478-18</u><br><br>**DECISION AND ORDER RE DEFENDANT'S THREE POST-JUDGMENT FILINGS** |

The Court here addresses three filings by Defendant Sherif Antoun Philips, M.D., all filed in November 2019: (1) "Rule 62;" (2) "Injunction;" and (3) "Relief and Put Aside All Orders of Guam Superior Court, Guam Rule 54, Rule 60(b) and Motion to Dismiss." Upon review of those filings, Plaintiff Pitt County Memorial Hospital, Inc.'s (PCMH) responsive brief, and Philips' "Answer," the Court DENIES Philips' request for an injunction or a stay of the enforcement of the Court's Judgment issued in this case.

## I. PROCEDURAL BACKGROUND

1. On January 24, 2019, the Court issued a Judgment in favor of PCMH.

2. In its Decision and Order granting PCMH summary judgment, the Court determined that a North Carolina state Judgment issued against Philips was enforceable in Guam. Dec. and Order re Mot. Judicial Notice and Summ. J. (Jan. 23, 2019).

3. Philips did not file an appeal of this Court's Judgment.

ORIGINAL

4. On October 24, 2019, the Court issued a Writ of Execution. Levies have been issued on Philips' personal property. *See* Am. Notice Levy on Personal Property (Oct. 30, 2019).[1]

5. On November 7, 2019, Philips filed a document entitled "Rule 62."

6. On November 12, 2019, Philips filed a document entitled "Injunction."

7. Upon review of Philips' filings, the Court construed the filings as motions to stay enforcement of the Judgment and issued a Briefing Schedule.

8. On November 26, 2019, Philips filed a document entitled "Relief and Put Aside All Orders of Guam Superior Court, Guam Rule 54, Rule 60(b) and Motion to Dismiss."

9. In its Opposition to Philips' filings, PCMH submitted a Judgment from the U.S. District Court of Guam which dismissed Philips' federal lawsuit against PCMH. Opp'n, Exs. 3, 4 (Dec. 12, 2019). Philips has apparently appealed that ruling. Opp'n at 2.

## II. LAW AND DISCUSSION

Because of the recent efforts by PCMH to enforce the Judgment, the Court construed Philips' motion as attempting to stay the Judgment. Guam Rule of Civil Procedure 62(b) states: "In its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion for a new trial or to alter or amend a judgment made pursuant to Rule 59, or of a motion for relief from a judgment or order made pursuant to Rule 60. . . ." In exercising its discretion, the Court examines whether it should reconsider its Decision and Order or stay the Judgment's execution.

---

[1] On January 24, 2020, the Court will hold an evidentiary hearing on PCMH's Objections to the Letters of Undertaking offered by RSA-Tumon, LLC, one of the entities levied upon.

ORIGINAL

Philips makes several arguments in favor of staying enforcement of the present Judgment: (1) he claims that this Court lacks jurisdiction because of pending federal court proceedings; (2) he asks that this case be transferred to the federal court in North Carolina; (3) he repeats prior arguments regarding the validity of the North Carolina judicial proceedings; (4) he claims that his constitutional rights were violated; and (5) he contends that this Court is not objective and should be disqualified.

The most common thread prevailing in Philips' recent three filings is his contention that this Court lacks jurisdiction because his case was transferred to federal court. That representation appears untrue. While Philips did file a new lawsuit against PCMH and others in federal court, the U.S. District Court of Guam has determined that Philips did not timely attempt to remove this proceeding to federal court. Moreover, the federal court ruled that "in the absence of any properly designated notice of removal, the Guam Superior Court properly proceeded to adjudicate" the present case. Opp'n, Ex. 3. Since the federal court has rejected any attempt at removal, Philips inaccurately represents that this Court lacks jurisdiction to proceed.

Second, at present, this Court has no authority to transfer this proceeding to a federal court in North Carolina. While this Court could have originally entertained arguments about forum non conveniens (inconvenient forum), those arguments were not raised or litigated prior to this Court's Judgment. Moreover, as the U.S. District Court of Guam noted, transfer to North Carolina is futile since both the federal and state court have already dismissed nearly identical claims raised by Philips in those courts. Opp'n, Ex. 2 at 16. This Court arrives at the same finding.

ORIGINAL

Third, Philips continues to argue that the North Carolina Judgment is improper. However, this Court has already decided that the North Carolina Judgment is to be given full faith and credit in Guam. Dec. and Order re Mot. Judicial Not. and Summ. J. Philips offers the Court no new arguments that would justify a reconsideration of its prior decision.

Fourth, Philips claims his constitutional rights have been violated. These claims are the same as those argued prior to this Court's Decision and Order granting PCMH's Motion for Summary Judgment. Philips has not raised any new arguments or facts that would justify staying the enforcement of the Judgment.

Fifth, the Court has reviewed Philips' various allegations that this Court is not objective. The Court has not been provided any specific facts which would indicate this Court is disqualified. Instead, Philips makes broad, sweeping statements that this Court is impartial. Without further evidence for the Court to consider, the Court finds that such grounds do not amount to a stay of enforcement, or even warrant referral to another judge to consider. Moreover, in order to properly raise the issue of disqualification, a statement of objection must be verified and served on the judge sought to be disqualified. 7 GCA § 6107. If a request for disqualification is procedurally defective, the judge presiding over the case is not required to send the matter to another judge for review. *People v. Johnny*, 2006 Guam 10 ¶ 12. Because Philips has not met these requirements, the Court need take no further action to address his argument that the Court is impartial.

Finally, in addition to the factors discussed by Philips, the Court examines whether there is adequate security to stay enforcement of the Judgment. PCMH contends that it will agree to a stay if Philips posts a supersedeas bond. In Philips' response, however, he makes no mention of



ORIGINAL

attempting to secure a bond. Absent such efforts, the Court finds that there is not adequate security to justify a stay.

## III. CONCLUSION

The Court DENIES Philips' request to reconsider its Decision and Order or to stay execution of the Judgment.

SO ORDERED this 14th day of January 2020.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

_Berman_
_Arriola_

Date: 1/14/20  Time: 12n

Deputy Clerk, Superior Court of Guam

Appearing Parties:
Daniel J. Berman, Esq., Berman O'Connor & Mann, for Plaintiff Pitt County Memorial Hospital, Incorporated
Sherif Antoun Philips, M.D., *pro se* Defendant
Anita P. Arriola, Esq., and William B. Brennan, Esq., Arriola Law Firm, for Claimant RSA - Tumon, LLC

ORIGINAL